**Donald HAUGEN, d/b/a Haugen Farm Realty, Plaintiff and Appellant,**

v.

**Walter SCHATZ and Bernadine Schatz, Defendants and Appellees.**

**Civ. No. 10685.**

Supreme Court of North Dakota.

Dec. 19, 1984.

Eaton, Van de Streek & Ward, Minot, for plaintiff and appellant; argued by Jonathan C. Eaton, Jr., Minot.

Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for defendants and appellees; argued by Albert A. Wolf, Bismarck.

PEDERSON, Justice.

Donald Haugen, d/b/a Haugen Farm Realty, has appealed from a district court judgment dismissing his complaint against Walter and Bernadine Schatz to recover a commission claimed to be due under a real estate listing agreement. We affirm.

The Schatzes listed their 880-acre farm for sale with Haugen and executed an exclusive listing agreement on December 29, 1982. The agreement had a termination date of March 29, 1983, and provided that the farm was to be sold for "$420,000.00 Cash or terms suitable to sellers."

On February 15 and February 22, 1983, David and Kenneth Schiele submitted separate offers to purchase separate parcels that together constituted the entire farm. These offers proposed a total purchase price of $380,000.00, with down payments totaling $95,000.00 to be made by April 1, 1983, and the balance payable over a period of years. The offers were subject to the buyers obtaining institutional financing, which was understood to mean financing from the Farmers Home Administration (FmHA). They also provided closing dates of 45 and 60 days from the date of acceptance by the Schatzes. The Schatzes accepted these offers on March 12, 1983. The offers were later "cleaned up" (retyped) and changed to add provisions requiring the buyers to pay interest from April 1 to the date of closing. The Schatzes executed acceptance of these "cleaned up" offers on April 4, although all of the dates in these offers and acceptances were the same as the dates in the originals.

The Schatzes never received the down payments and refused to complete the sales. Haugen brought suit to recover a commission claimed to be due. The trial court found that Haugen "failed to produce a buyer who was ready, willing, and able to perform by April 15." Haugen has appealed from the judgment of dismissal. We affirm.

We said in *Goetz v. Anderson*, 274 N.W.2d 175, 183 (N.D.1978):

"[F]or a real estate broker to be entitled to a commission pursuant to an exclusive listing agreement he must produce a prospective ready, willing and financially able purchaser of the property."

The buyer's financial ability "includes the ability to make the down payment and complete the contract according to its terms." *Allied Realty, Inc. v. Boyer*, 302 N.W.2d 774, 778 (N.D.1981).

The dispositive issue in this appeal is whether or not the trial court's finding that Haugen failed to produce a ready, willing, and able buyer is clearly erroneous under Rule 52(a), NDRCivP. We conclude that it is not.

The Schatzes wanted to receive the down payment by April 1, 1983. They did not. When they signed the "cleaned up" contracts on April 4, 1983, they did so on the basis of Haugen's representation that they would have their down payment "within a couple of weeks." A couple of weeks passed and they did not receive the down payment.

When the prospective buyers applied for a loan from FmHA and presented their offers to buy the land, FmHA had no funds to lend. The buyers and Haugen knew that FmHA had no funds and that interim financing from another lender would be required. The buyers' loan requests were not approved by FmHA until April 28 and funds would not have been available for the loans until July. Interim financing could not have been secured before FmHA issued a letter of commitment, which could not have been done before April 28. Had FmHA issued a loan commitment after April 28, interim financing from another lender might have been secured and a down payment made sometime in May. The evidence clearly shows that the prospective buyers were neither ready nor able to "make the down payment and complete the contract according to its terms" (*Allied Realty, Inc. v. Boyer, supra*) by April 1 or "within a couple of weeks" thereafter.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE and GIERKE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.